IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FILED

JUL -7 2020

U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RANDALL JOSEPH SMAIL,<br><br>Defendant. | Criminal Action No.:  2:20CR2<br>(JUDGE KLEEH) |

### REPORT AND RECOMMENDATION
### CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11 [ECF No. 7). Defendant, RANDALL JOSEPH SMAIL, in person and by counsel, Stanton Levenson, Esq., appeared before me on July 7, 2020. The Government appeared by Assistant United States Attorney, Danae DeMasi-Lemon for an Initial Appearance, Arraignment, and Plea Hearing. The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One (1) of the Information.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath and inquiring into Defendant's competency. The Court determined Defendant was competent to proceed with the Rule 11 plea hearing and cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The Court inquired of Defendant and Defendant's Counsel as to Defendant's knowledge and understanding of Defendant's constitutional right to proceed by Indictment, the voluntariness of Defendant's consent to proceed by Information and of Defendant's waiver of the right to

proceed by Indictment. Defendant and Defense Counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged Defendant's voluntary waiver of this right to proceed by Indictment and Defendant's agreement to voluntarily proceed by Information. Defendant also executed a written waiver of the same.

The Court **ORDERED** the written waiver filed herein.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea. Defendant tendered to the Court a written Waiver of Article III Judge and Consent to Enter Guilty Plea before Magistrate Judge. The waiver and consent were signed by Defendant, countersigned by Defendant's counsel, and concurred by the signature of the Assistant United States Attorney.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of an Article III Judge and consent to enter a guilty plea before a Magistrate Judge were freely and voluntarily given. Additionally, the Court finds that the written waiver and consent were freely and voluntarily executed by Defendant Randall Joseph Smail only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a

Magistrate Judge filed and made part of the record.

Thereafter, the Court determined that Defendant's plea was pursuant to a written plea agreement and asked the Government to tender the original to the Court. The Court asked counsel for the Government if the agreement was the sole agreement offered to Defendant. The Government responded that it was, and counsel for Defendant confirmed the same. The Court asked counsel for the Government to summarize the written plea agreement. Counsel for Defendant and Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with their understanding of the agreement. The undersigned further inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement. The Court **ORDERED** the written plea agreement filed.

The undersigned then reviewed with Defendant Count One (1) of the Information and the elements the Government would have to prove, charging him with Bank Fraud in violation of 18 U.S.C. § 1344(2). Subsequently, Defendant Randall Joseph Smail pled **GUILTY** to the charge contained in Count One (1) of the Information. However, before accepting Defendant's plea, the undersigned inquired of Defendant's understanding of the charges against him, inquired of Defendant's understanding of the consequences of him pleading guilty to the charges, and obtained the factual basis for Defendant's plea.

The Court heard the testimony of, Robert W. Hinzman. Mr. Hinzman testified that in the years 2018 and 2019, he was a fraud investigator with the West Virginia State Police. He specialized

in complex financial crimes. During the course of his investigation into this matter, he came into contact with Defendant. Mr. Hinzman learned that Defendant wished to purchase an auto-body repair shop in Washington, PA for approximately 2.2 million dollars but did not have enough money to do so. As a result, Defendant solicited money from Mr. Forest Rogers to complete the purchase. Defendant led Mr. Rogers to believe that Defendant was wealthy as a result of investments with Bitcoin, but because of the digital and international nature of the money, Defendant could not access the money at that time. Mr. Rogers and Defendant jointly obtained a bank loan from Pendleton Community Bank in Franklin, West Virginia. This bank is located in the Northern District of West Virginia and is a Federally Insured Bank. Defendant agreed to pay back the money borrowed, approximately $700,000, and agreed that Mr. Rogers would receive approximately 30% of the revenue from the auto-body business. Mr. Rogers and Defendant borrowed $552,553.90 from Pendleton Bank, putting up real estate as collateral (over 300 acres of land owned by Mr. Rogers). While trying to secure the loan, Defendant showed Pendleton Bank printouts from Bitcoin that indicated that he had approximately $640,000 in funds in an account. Defendant did not actually have the money in the Bitcoin account. Mr. Rogers also borrowed approximately $147,000 left on a previously existing line of credit with Pendleton Community Bank to give to Defendant. The loan term for the $552,553.90 loan was a six (6) month term. When no payments on the loan were forthcoming, the bank contacted Mr. Rogers. Mr. Rogers in turn contacted Defendant. Defendant represented to Mr. Rogers and to Pendleton Community Bank that he could make loan payments from a Merrill Lynch account and a Clearview Federal Credit Union account. Defendant showed Pendleton Community Bank fraudulent documents to support his assertions that he had money in those accounts. Eventually, Mr. Rogers was forced to sell the 300 acres of land to repay the loan. It is believed that Mr. Rogers's home has also been seized to pay back the loan. The proceeds of the loan were wired

to Mr. Hackett. Defendant only received approximately $1,800 of the loan money.

Defendant's counsel cross examined the witness. Defendant did not question the witness when given the opportunity to do so. Defendant stated he heard and understood the testimony of the Government's witness. Defendant agreed that the testimony was accurate. Additionally, Defendant provided a factual basis for the commission of the offense. The undersigned Magistrate Judge concludes the offense charged in Count One (1) of the Information is supported by an independent basis in fact concerning each of the essential elements of such offense, and that independent basis is provided by Mr. Hinzman's testimony.

The undersigned then reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count One (1) of the Information and the impact of the sentencing guidelines on sentencing in general. From said review, the undersigned Magistrate Judge determined Defendant understood the nature of the charges pending against him and that the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on Count One (1) was imprisonment for not more than thirty (30) years. The undersigned further determined Defendant understood a fine of not more than $1,000,000 could be imposed, both fine and imprisonment could be imposed, he would be subject to a period of at least five (5) years of supervised release, and the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. Defendant also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration, supervision, and probation. Defendant was also informed that restitution is required in this case.

The undersigned also informed Defendant whether he understood that by pleading guilty he was forfeiting other rights such as right to vote, right to serve on a jury, and the right to legally possess a firearm.

Additionally, the undersigned asked Defendant whether he understood that if he were not a citizen of the United States, by pleading guilty to a felony charge he would be subject to deportation at the conclusion of any sentence; that he would be denied future entry into the United States; and that he would be denied citizenship if he ever applied for it. Defendant stated that he understood.

The undersigned also reviewed with Defendant his waiver of appellate and collateral attack rights. Defendant understood that he was waiving his right to appeal his conviction and sentence to the Fourth Circuit Court of Appeals on any ground whatsoever, including those grounds set forth in 18 U.S.C. § 3742. Defendant further understood that under his plea agreement, he was waiving his right to challenge his conviction and sentence in any post-conviction proceeding, including any proceeding under 28 U.S.C. § 2255. Defendant understood, however, that he was reserving the right to raise claims of ineffective assistance of counsel or prosecutorial misconduct that he learned about after the plea hearing and agreed that he was unaware of any ineffective assistance of counsel or prosecutorial misconduct in his case at this time. From the foregoing, the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the

part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One (1) of the Information. The undersigned Magistrate Judge informed Defendant that a pre-sentence investigation report would be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count One (1) of the Information. Only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his guilty plea accepted.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also

advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant further stated that his attorney discussed the advisory guidelines with him but did not promise him any specific sentence at the time of sentencing. Defendant stated that he understood his attorney could not predict or promise him what actual sentence he would receive from the sentencing judge at the sentencing hearing. Defendant further understood there was no parole in the federal system.

Defendant, Randall Joseph Smail, with the consent of his counsel, Stanton Levenson proceeded to enter a verbal plea of **GUILTY** to the felony charge in Count One (1) of the Information.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant understood the charges against him, not only as to the Information as a whole, but in particular as to Count One (1) of the Information; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty and the mandatory minimum penalty (concerning supervised release) to which he would be exposed for Count One (1); Defendant made a knowing and voluntary plea of guilty to Count One (1) of the Information; and Defendant's plea is independently supported by Robert Hinzman's testimony which provides, beyond a reasonable doubt, proof of each of the essential elements

of the charges to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to Count One (1) of the Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation.

The Government did not seek detention. Accordingly, the undersigned Magistrate Judge released Defendant on the terms of the Order Setting Conditions of Release [ECF No. 15], filed on July 7, 2020.

Any party shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted on 7/7/20

JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE

9